IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BALLARD NURSING CENTER, INC., | ) FILED COPY: MAY 12, 2008 |
| | ) 08CV2749   DAJ |
| Plaintiff, | ) JUDGE ST.EVE |
| | ) MAGISTRATE JUDGE COLE |
| v. | ) |
| | ) |
| CARE DIAGNOSTIC SERVICES, LLC, | ) |
| and JOHN DOES 1-10, | ) |
| | ) |
| Defendants. | ) |

### COMPLAINT – CLASS ACTION

### MATTERS COMMON TO MULTIPLE COUNTS

### INTRODUCTION

1. Plaintiff Ballard Nursing Center, Inc., brings this action to secure redress for the actions of defendant Care Diagnostic Services, LLC, in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and the common law.

2. The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

## PARTIES

3. Plaintiff Ballard Nursing Center, Inc., is a corporation with offices at 9300 Ballard Road, Des Plaines, Illinois, 60016 where it maintains telephone facsimile equipment.

4. Defendant Care Diagnostic Services, LLC is a limited liability company chartered under Illinois law that has offices at 1 South 246 Wisconsin Avenue, Lombard, Illinois 60148.

5. Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below. Plaintiff does not know who they are.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1367.

7. Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

   a. Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

   b. Have transacted business in Illinois.

8. Venue in this district is proper for the same reasons.

## FACTS

9. On April 20, 2006, plaintiff Ballard Nursing Center, Inc., received the unsolicited fax advertisement attached as Exhibit A on its facsimile machine.

10. Discovery may reveal the transmission of additional faxes as well.

11. Defendant Care Diagnostic Services, LLC is responsible for sending or

causing the sending of the faxes.

12. Defendant Care Diagnostic Services, LLC, as the entity whose products or services were advertised in the faxes, derived economic benefit from the sending of the faxes.

13. Plaintiff had no prior relationship with defendant and had not authorized the sending of fax advertisements to plaintiff.

14. On information and belief, the faxes attached hereto were sent as part of a mass broadcasting of faxes.

15. On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

16. There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

17. Furthermore, the "opt out notice" required by the TCPA even when faxes are sent with consent or pursuant to an established business relationship was not provided in the faxes at issue.

### COUNT I – TCPA

18. Plaintiff incorporates ¶¶ 1-17.

19. The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

20. The TCPA, 47 U.S.C. §227(b)(3), provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court**

**of a State, bring in an appropriate court of that State–**

> **(A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
>
> **(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
>
> **(C)  both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

21. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, plaintiff's statutory right of privacy was invaded.

22. Plaintiff and each class member is entitled to statutory damages.

23. Defendants violated the TCPA even if their actions were only negligent.

24. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

25. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Care Diagnostic Services, LLC promoting its goods or services for sale (d) and who were not provided an "opt out" notice as described in 47 U.S.C. §227.

26. The class is so numerous that joinder of all members is impractical.

Plaintiff alleges on information and belief that there are more than 40 members of the class.

27. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

    b. The manner in which defendants compiled or obtained their list of fax numbers;

    c. Whether defendants thereby violated the TCPA;

    d. Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

    e. Whether defendants thereby converted the property of plaintiff.

28. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

29. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

30. Several courts have certified class actions under the TCPA. <u>Travel 100 Group, Inc. v. Empire Cooler Service, Inc.</u>, 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004);

Rawson v. C.P. Partners LLC, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); Lampkin v. GGH, Inc., 146 P.3d 847 (Okla. Ct. App. 2006); Kavu, Inc. v. Omnipak Corp., C06-109RSL, 2007 U.S. Dist. LEXIS 5207, at *22-23 (W.D. Wash. Jan. 23, 2007); Display South, Inc. v. Express Computer Supply, Inc., 961 So.2d 451, 455 (La. App. 1st Cir. 2007); Gene & Gene, LLC v. Biopay, LLC, 240 F.R.D. 239 (M.D. La. 2006); Travel 100 Group, Inc. v. Empire Cooler Service, Inc., 03 CH14510 (Oct. 19, 2004); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 203 Ariz. (App.) 94, 50 P.3d 844 (2002); Core Funding Group, LLC v. Young, 792 N.E.2d 547 (Ind.App. 2003); Nicholson v. Hooters of Augusta, Inc., 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions); see State of Texas v. American Blast Fax, Inc., 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

   31.  Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

   WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    a.  Actual damages;

    b.  Statutory damages;

    c.  An injunction against the further transmission of unsolicited fax advertising;

    d.  Costs of suit;

    e.  Such other or further relief as the Court deems just and proper.

### COUNT II – ILLINOIS CONSUMER FRAUD ACT

   32.  Plaintiff incorporates ¶¶ 1-17.

33.　　Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by sending unsolicited fax advertising to plaintiff and others.

34.　　Unsolicited fax advertising is contrary to the TCPA and also Illinois public policy, as set forth in 720 ILCS 5/26-3(b), which makes it a petty offense to transmit unsolicited fax advertisements to Illinois residents.

35.　　Defendants engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients of their advertising.

36.　　Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.

37.　　Defendants engaged in such conduct in the course of trade and commerce.

38.　　Defendants' conduct caused recipients of their advertising to bear the cost thereof. This gave defendants an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail. For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting. The reason is that instead of spending $480,000 on printing and mailing his ad, the fax broadcaster misappropriates the recipients' paper and ink. "Receiving a junk fax is like getting junk mail with the postage due". Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.

39.　　Defendants' shifting of advertising costs to plaintiff and the class members in this manner makes such practice unfair. In addition, defendants' conduct was contrary to public policy, as established by the TCPA and Illinois statutory and common law.

40.　　Defendants should be enjoined from committing similar violations in the

future.

## CLASS ALLEGATIONS

41.  Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date 3 years prior to the filing of this action, and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Care Diagnostic Services, LLC promoting its goods or services for sale (d) and who were not provided an "opt out" notice as described in 47 U.S.C. §227.

42.  The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

43.  There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a.  Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

    b.  Whether defendants thereby violated the TCPA;

    c.  Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

    d.  Whether defendants thereby converted the property of plaintiff.

44.  Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

45.     A class action is an appropriate method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

46.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    a.   Appropriate damages;

    b.   An injunction against the further transmission of unsolicited fax advertising;

    c.   Attorney's fees, litigation expenses and costs of suit;

    d.   Such other or further relief as the Court deems just and proper.

### COUNT III – CONVERSION

47.     Plaintiff incorporates ¶¶ 1-17.

48.     By sending plaintiff and the class members unsolicited faxes, defendants converted to their own use ink or toner and paper belonging to plaintiff and the class members.

49.     Immediately prior to the sending of the unsolicited faxes, plaintiff and the class members owned and had an unqualified and immediate right to the possession of the paper and ink or toner used to print the faxes.

50.     By sending the unsolicited faxes, defendants appropriated to their own use the paper and ink or toner used to print the faxes and used them in such manner as to make them

unusable. Such appropriation was wrongful and without authorization.

51. Defendants knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

52. Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited faxes.

53. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

54. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date 5 years prior to the filing of this action and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Care Diagnostic Services, LLC promoting its goods or services for sale (d) and who were not provided an "opt out" notice as described in 47 U.S.C. §227.

55. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

56. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

    b. Whether defendants thereby violated the TCPA;

      c.      Whether defendants thereby committed the tort of conversion;

      d.      Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

      e.      Whether defendants thereby converted the property of plaintiff.

57.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

58.     A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

59.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

      a.      Appropriate damages;

      b.      An injunction against the further transmission of unsolicited fax advertising;

      c.      Costs of suit;

      d.      Such other or further relief as the Court deems just and proper.

/s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Michelle R. Teggelaar
Julie Clark
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
Atty. No. 41106

T:\17004\Pleading\Complaint-Federal_Pleading.WPD

**NOTICE OF LIEN**

        Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

/s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

```
08CV2749    DAJ
JUDGE ST.EVE
MAGISTRATE JUDGE COLE
```

# EXHIBIT A

# CARE DIAGNOSTIC SERVICES, LLC.

*Portable Services for X-Ray, Ultrasound, ECHO, Doppler and EKG*

## FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| **ELI PICK** <br> Administrator | Care Diagnostic Services, LLC. |
| COMPANY: <br> **Ballard Nursing Center** | DATE: <br> 04/20/2006 |
| FAX NUMBER: <br> 847-299-4012 | TOTAL NO. OF PAGES INCLUDING COVER: <br> 5 |
| PHONE NUMBER: <br> 847-294-2300 | SENDER'S REFERENCE NUMBER: |
| RE: <br> **Portable Diagnostic Services** | YOUR REFERENCE NUMBER: |

☐ URGENT    ☐ FOR REVIEW    ☐ PLEASE COMMENT    ☐ PLEASE REPLY    ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Dear Eli,

Please see attachments.

Thank you.

The attached/enclosed information is CONFIDENTIAL and is intended only for the use of the addressee(s) identified above. If the reader of this message is not the intended recipient(s) or the employee or agency responsible for delivering the message to the intended recipient(s), please note that any dissemination, distribution, or copying of the communication is strictly prohibited. Anyone who receives this communication in error should notify us immediately by telephone and return the original message to us at the address below via U.S. Mail. Thank you.

7459 N. Western Ave., Chicago, Illinois 60645 Tel: 773.338.3344 Fax: 773.338.3355
Email: carediagnostic@hotmail.com

# CARE DIAGNOSTIC SERVICES, LLC.

*Portable Services for X-Ray, Ultrasound, ECHO, Doppler and EKG*

Dear Administrator,

Portable, Fast and Reliable! We are Care Diagnostic Services, a portable diagnostic company serving the Chicagoland and surrounding suburbs throughout Illinois. We are fully equipped to provide the highest quality diagnostic services right at your facilities, clinics and private homes.

## WE PROVIDE:

- *24 hours a day, 7 days a week and 365 days of Service.*
- *24/7 STAT Services for all X-ray and Ultrasound procedures.*
- *Guaranteed STAT X-Ray and Ultrasound results within 4 hours.*
- *All new Diagnostic Equipments with Advanced Digital Technology.*
- *Experienced Certified Technicians and Supervising-Interpreting Physicians.*

We would welcome any questions you may have regarding our services and please feel free to call us for more information. We hope to hear from you soon.

Sincerely,

Care Diagnostic Services, LLC.

7459 N. Western Ave., Chicago, Illinois 60645 Tel: 773.338.3344 Fax: 773.338.3355 Email: carediagnostic@hotmail.com

# CARE DIAGNOSTIC SERVICES, LLC.
*Portable Services for X-Ray, Ultrasound, ECHO, Doppler and EKG*

## NEW ADVANCED DIGITAL EQUIPMENTS
- We have top of the line advanced digital diagnostic equipments that will provide fast and accurate results upfront.
- New equipments that will promote <u>Safety</u> for the patients, technicians and facilities against radiation exposures and injuries.

## QUALITY PROCEDURES
- <u>**All of our Technicians are Experienced and Certified.**</u>

    PORTABLE X-RAY TECHNICIANS:
    1. Daniel S. Posternacik, ARRT and IEMA State Certified
    2. Fahad Farooq, ARRT and IEMA State Certified
    3. Riffat Adnan, IEMA State Certified.

    PORTABLE ULTRASOUND AND EKG TECHNICIANS:
    1. Paula Schewe, ARDMS and RVT Certified
    2. Adi Levy, Echocardiography Technician
    3. Barbara Walczak, Echocardiography Technician

    INTERPRETING PHYSICIANS:
    1. Dr. Khawaja Zaheer, M.D (Radiologist)
    2. Dr. Ejaz Rahim, M.D (Radiologist)
    3. Dr. Muhammad Saudye, M.D (Cardiologist)
    4. Dr. Amjad Shaik, M.D (Cardiologist)

## TIME FRAME RESULT
- Committing ourselves to provide fast and efficient service in a Time Frame Manner.
- All STAT procedures results will be provided within 4 hours.

7459 N. Western Ave., Chicago, Illinois 60645 Tel: 773.338.3344 Fax: 773.338.3355 Email: carediagnostic@hotmail.com

# CARE DIAGNOSTIC SERVICES, LLC.

*Portable Services for X-Ray, Ultrasound, ECHO, Doppler and EKG*

The following pricelists represents our charge to your facility for <u>Medicare Part A and Private Cash patients:</u>

    X-Ray Studies                                $40.00 per study

    ULTRASOUND STUDIES         $75.00 per study
    (Any single organ)

    VASCULAR DOPPLERS          $140.00 per study
    (Arterial, Venous, Carotid)

    ECHOCARDIOGRAM             $175.00 per study
    (2D Mode, Cardiac Doppler)

    EKG's                                      $30.00 per study

Thank you for allowing us to serve your facility.

# CARE DIAGNOSTIC SERVICES, LLC

7459 N. Western Ave., Chicago, IL 60645
Tel: (773) 338-3344  Fax: (773) 338-3355

Name (Please Print) Last, First                    Date:

Date of Birth                 Sex: ☐ M  ☐ F          Medicare 'A' Stay:    ☐ Yes    ☐ No

S.S. No.                                             Medicaid No.
                                                     9 Digits
                                                     Medicare No.
                                                     9 Digits      Letter

Facility
Room No. _____ Bed No. _____                     Order Given to _____
                                                                  Name    Date    Time
Physician Name                                       Insurance/HMO/PPO or Responsible Party:
UPIN No.                                             Name
Nurse                                                Address
Signature                                            Phone No.

## DIAGNOSIS (Reason Exam(s) Ordered)

## X-RAY PROCEDURES

### ULTRASOUND
____ ABDOMINAL COMPLETE
____ RENAL (KIDNEY) COMPLETE
____ OB COMPLETE
____ PELVIC NON-OB COMPLETE
____ SCROTUM
____ THYROID
____ BREAST

### CARDIOVASCULAR STUDIES
____ 2-D M MODE ECHO
____ CARDIAC DOPPLER
____ CAROTID DOPP
____ EKG
____ ARTERIAL UPPER OR LOWER
____ VENOUS UPPER OR LOWER

### OTHERS (Procedure or Views)
Please Specify

### CHEST
____ PA & LAT
____ PA ONLY
____ R - L RIBS

### SKULL
____ SKULL SERIES
____ FACIAL BONES
____ ORBIT VIEWS
____ MANDIBLE
____ SINUS SERIES
____ NASAL BONES

### SPINE PELVIS
____ CERVICAL SPINE
____ LUMBAR SPINE
____ DORSAL SPINE
____ SACRUM & COCCYX
____ PELVIS
____ ABD-KUB

### SKELETAL SYSTEM
____ R - L SCAPULA
____ R - L CLAVICLE
____ R - L SHOULDER
____ R - L HUMERUS
____ R - L ELBOW
____ R - L FOREARM
____ R - L WRIST
____ R - L HAND / FINGERS
____ R - L HIP
____ R - L FEMUR
____ R - L KNEE
____ R - L TIBIA & FIBULA
____ R - L ANKLE
____ R - L FOOT / TOES
____ CALCANIOUS